**In Re: a CONSERVATORSHIP PROCEEDING IN REM BY the GERMANTOWN CONSERVANCY, INC., concerning minimally 319 properties in the 12th, 13th, 59th, 22nd and 9th Wards in the City and County of Philadelphia.**

**Appeal of: The Germantown Conservancy, Inc.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 5, 2010.
Decided April 30, 2010.

James C. Sargent, Jr. and Maureen Murphy McBride, West Chester, for appellant.

No appearance entered on behalf of appellees.

BEFORE: McGINLEY, Judge, and BROBSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge McGINLEY.

The Germantown Conservancy, Inc. (Conservancy), a non-profit corporation, appeals from the order of the Court of Common Pleas of Philadelphia (common pleas court) which dismissed, without prejudice, the Conservancy's Petition for the Appointment of a Conservator.

## Act 135

The Abandoned and Blighted Property Conservatorship Act[1], 68 P.S. § 1101–1111 (Act 135) became effective on February 24, 2009. Act 135 authorizes a court to appoint a conservator to rehabilitate a deteriorating building, thereby incurring debt that ultimately may be the owner's responsibility. The conservator is responsible for bringing buildings into municipal code compliance when owners fail to do so.

Section 2 of Act 135, 68 P.S. § 1102, authorizes the filing of a Petition for the Appointment of a Conservator with the court of common pleas by certain named interested parties who seek the appointment of a conservator to take possession of the property, undertake its rehabilitation and, as appropriate, ultimately sell the property unless reclaimed by the owner(s). Act 135 contains specific requirements which govern the initiation of the action and conditions that must be met before a conservator may be appointed. Act 135 provides the following general guidelines for commencing a petition to seek appointment of a conservator to remediate a blighted property:

> A petition for the appointment of a conservator to take possession and to undertake the rehabilitation of a building may be filed by a party in interest in a court in the county in which the building is located. The proceeding on the petition shall constitute an action *in rem.*

68 P.S. § 1104(a).

In terms of content of the Petition, Section 4(b) of Act 135, 68 P.S. § 1104(b), provides:

> **Contents.**—The petition submitted to the court shall include a *sworn statement that, to the best of the petitioner's knowledge, the property meets the conditions for conservatorship set forth in section 5(d)* and to the extent available to the petitioner after reasonable efforts to obtain such information:
>
> (1) A copy of any citation charging the owner with being in violation of municipal code requirements or declaring the building to be a public nuisance.
>
> (2) A recommendation as to which person or entity should be appointed conservator.
>
> (3) A preliminary plan with initial cost estimates for rehabilitation of the building to bring it into compliance with all municipal codes and duly adopted plans for the area in which the building is located and anticipated funding sources.

68 P.S. § 1104(b).

Section 5(a) of Act 135 requires the court to hold a hearing within 120 days of receipt of the Petition. 68 P.S. § 1105(a). All interested parties are permitted to present evidence at the hearing. 68 P.S. § 1105(b). Only after a hearing can a court appoint a conservator and then only if the court finds at least three of the following:

(i) The building or physical structure is a public nuisance.

(ii) The building is in need of substantial rehabilitation and no rehabilitation has taken place during the previous 12 months.

(iii) The building is unfit for human habitation, occupancy or use.

(iv) The condition and vacancy of the building materially increase the risk of fire to the building and to adjacent properties.

(v) The building is subject to unauthorized entry leading to potential health

1. Act of November 26, 2008, P.L. 1672, *as amended.*

and safety hazards and one of the following applies:

(A) The owner has failed to take reasonable and necessary measures to secure the building.

(B) The municipality has secured the building in order to prevent such hazards after the owner has failed to do so.

(vi) The property is an attractive nuisance to children, including, but not limited to, the presence of abandoned wells, shafts, basements, excavations and unsafe structures.

(vii) The presence of vermin or the accumulation of debris, uncut vegetation or physical deterioration of the structure or grounds has created potential health and safety hazards and the owner has failed to take reasonable and necessary measures to remove the hazards.

(viii) The dilapidated appearance or other condition of the building negatively affects the economic well-being of residents and businesses in close proximity to the building, including decreases in property value and loss of business, and the owner has failed to take reasonable and necessary measures to remedy appearance or the condition.

(ix) The property is an attractive nuisance for illicit purposes, including prostitution, drug use and vagrancy.

68 P.S. § 1105(d)(5).

Certain circumstances automatically bar the appointment of a conservator. For example, Section 11 of Act 135 provides that the Act does not apply to property owned by the federal government, or where the owner of the property has vacated the property in order to perform military service in time of war. 68 P.S. § 1111.

In addition, Act 135 sets forth four initial conditions for appointing a conservator. Section 5(d) provides that a conservator may *only* be appointed *if all of the following apply:*

(1) The building has not been legally occupied for at least the previous 12 months.

(2) The building has not been actively marketed during the 60 days prior to the date of the petition.

(3) The building is not subject to an existing foreclosure action.

(4) The current owner fails to present sufficient evidence that he has acquired the property within the preceding six months. The evidence shall not include instances where the prior owner is a member of the immediate family of the current owner, unless the transfer of title results from the death of the prior owner, or where the current or prior owner is a corporation, partnership or other entity in which either owner or the immediate family of either owner has an interest in excess of 5%.

68 P.S. § 1105(d)(1)–(4).

So, if the property is subject to an existing foreclosure action or acquired within the preceding six months, no conservator may be appointed. Similarly, no conservator may be appointed if the property has been legally occupied within the previous 12 months.

### *General Court Regulation 2009–1*

Also, at the center of this controversy is Philadelphia Court of Common Pleas General Court Regulation 2009–1 entitled "In Re: The Abandoned and Blighted Property Conservatorship Act." The common pleas court promulgated Regulation 2009–1 on October 24, 2009, during the pendency of this action and apparently in direct response to the Conservancy's Peti-

tion.[2]

General Court Regulation 2009–1 follows Act 135 and sets forth the instructions for giving notice, filing, service and requirements for filing a Petition to Appoint a Conservator involving abandoned and blighted properties located in Philadelphia County. The stated purpose of the General Court Regulation is "to provide detailed procedural guidance in the filing and processing of petitions filed pursuant to Act 135." First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, General Court Regulation 2009–1, In re: The Abandoned and Blighted Property Conservatorship Act, at 1.

General Court Regulation 2009–1 provides that *a separate action* must be electronically filed *for each property* with the Prothonotary of Philadelphia County, Civil Trial Division:

1) **Initiation of Act.** Actions filed pursuant to Act 135 involving abandoned and blighted properties located in Philadelphia County . . . *shall be commenced by electronic filing of a Petition for the Appointment of a Conservator with the Prothonotary of Philadelphia County as provided in Philadelphia Civil Rule \*205.4 in the Court of Common Pleas, Trial Division—civil,* and the requisite filing fee shall be paid at the time of the filing of the petition. *A separate action must be filed for each property that has a specific Board of Revision of Taxes ("BRT") number* . . . Upon filing, if it appears that the owner of the property at issue is deceased or is a nonprofit corporation, the action shall be administratively assigned to a Judge of the Orphans' Court Divi-

sion, designated by the Administrative Judge of the Orphans' Court Division. . . . (Emphasis added).

General Court Regulation 2009–1 at ¶ 1.

Paragraph 7 of General Court Regulation 2009–1 provides that an Act 135 petition "must provide detail and documentation to support the allegations contained in the Petition. The Court will not accept petitions that merely allege that the statutory requirements are met without providing further substantiation." Within that paragraph, the Local Rule includes a list of eleven (11) types/forms of evidence or detailed averments that must be included with the petition "[w]here applicable and available." Each of these evidentiary items addresses the statutory criteria the court is required to apply in determining whether to appoint a conservator:

7) **Content of the Petition.** The Petition shall be in the form substantially as attached hereto as Attachment "A," shall comply with Section 1104(b) and must provide detail and documentation to support the allegations in the Petition. The Court will not accept petitions that merely allege that the statutory requirements are met without providing further substantiation. *Where applicable and available, the petition should be accompanied by the following evidence, whether through affidavits, exhibits, or detailed averments within the petition itself:* (Emphasis added).

a) A copy of the title report;

b) A copy of the deed or other documentation, showing that neither the building or land is owned by or held in trust for the Federal government and regulated under the United States Housing Act of

---

**2.** A General Court Regulation is defined at Rule 51 of the Philadelphia County Court of Common Pleas Civil Division Rules as: "formal instructions from the President Judge or an Administrative Judge of the Court of Com-

mon Pleas dealing with administrative procedures or otherwise supplementing and explaining Local Rules of Court or statewise procedural rules."

1937 (50 Stat. 888, 42 U.S.C. § 1437 et seq.) and regulations promulgated under that act;

c) Proof that the owner is not in the armed services (either from the Military website or with letters from all five branches of the military confirming that the owner is not on active duty);

d) A copy of citations showing violations of municipal code or declaration of the building to be a public nuisance, as provided in Section 1104(b)(1);

e) A copy of citations declaring the building a public nuisance, as provided in Section 1104(b)(1);

f) Preliminary Plan with initial cost estimated, as provided in Section 1104(b)(3);

g) Evidence that the building as not been legally occupied for the previous 12 months, as provided in Section 1105(d)(1);

(h) Evidence that the building has not been "actively marketed" in the last 60 days, as provided in Section 1105(d)(2). As provided in Section 1103, that might include, evidence of the following:

(1) That a "For Sale" sign is not placed on the property (a photograph of the premise showing that it does not have a "For Sale" sign must be attached);

(2) For a residential property, a printout from www.realtor.com, or other proof, that it is not listed on the Multiple Listing Service. For commercial property, an Affidavit setting forth the efforts made to determine whether the commercial property has been listed with realtors in the immediate neighborhood.

(3) That there have not been weekly or more frequent advertisements in print or electronic media. The petitioner must attach an Affidavit stating which papers have searched which reveals that there is no evidence that the property has been listed for sale during the last sixty (60) days; and

(4) An Affidavit from one or more neighbors regarding their knowledge that no printed advertisements have been distributed within the last sixty (6) days.

i) Evidence that the building is not subject to an existing foreclosure action as required by Section 1105(d)(3). The Petitioner must determine the name of the owner from Phildox and then search the court of Common Pleas docket using the name of the owner to determine whether a foreclosure action has been filed.

j) Evidence from Phildox that the owner has not acquired the building within the last six months as required under Section 1105(d)(4).

k) Evidence that the property meets at least three of the following requirements for conservatorship:

(1) that the City of Philadelphia has declared the building to be a public nuisance, as provided in Section 1105(d)(5)(i);

(2) that no permits for rehabilitation work have been issued in the past 12 months, and that the building is in "need of substantial rehabilitation" as established by photos or affidavits of persons with knowledge based on exterior or interior inspections, as provided in Section 1105(d)(5)(ii).

(3) documentation, photos or affidavits of persons with knowledge establishing that the building is unfit for human habitation, occupancy, or use, as provided in Section 1105(d)(5)(iii);

(4) documentation showing that the building increases the risk of fire to adjacent properties. If there have previously been fires in the property, must attach proof from the Fire Department

or an affidavit from neighbors, as provided in Section 1105(d)(5)(iv);

(5) documentation showing that unauthorized entry is possible. If petitioner is claiming that the City of Philadelphia has secured the building, attach proof from the City to this effect, as provided in Section 1105(d)(5)(v);

(6) photos showing that the conditions are an attractive nuisance to children. If possible, attach an affidavit from a neighbor showing that children have been illegally entering the property as required by Section 1105(d)(5)(vi);

(7) code citations that address the presence of vermin, debris, uncut vegetation and deterioration of the structure or grounds. If no code citations, then attach photos and affidavits from neighbors, community groups, and/or others knowledgeable about the property which address conditions as required by Section 1105(d)(5)(vii).

(8) photos of the property being proposed for conservatorship, as well as photos of the neighboring properties on both sides of the block. This will allow the Court to understand the effect the blighted property has had on the economic well-being of the community as required by Section 1105(d)(5)(viii); or

(9) police reports showing that police have been called about illicit activity at the property. If no police reports, then affidavits from neighbors, community groups, and/or others knowledgeable about the property can be used as required by Section 1105(d)(5)(ix).

General Court Regulation 2009–1 at ¶ 7.

General Court Regulation 2009–1 also states that the common pleas court "may deny the Petition for the Appointment of a Conservator without prejudice if it appears that a *prima facie* entitlement to the appointment is not established by, or sufficient documentation is not attached to, the Petition." General Court Regulation 2009–1 at ¶ 10.

### The Conservancy's Petition

On October 6, 2009, the Conservancy filed a single Petition under Act 135 with regard to approximately 50 properties located in the Germantown area of Philadelphia.[3] The Conservancy averred, based on its knowledge, information and belief after reasonable efforts to obtain such information, that all 50 properties "appear to be abandoned or blighted" under the criteria listed in Section 5(d) of the Act. The Conservancy did not provide specific information about the physical condition of each building, or the circumstances to support its allegation that each building was abandoned or blighted. Rather, the Conservancy made the following general statement that the 50 properties met some or all of the Act 135 criteria:

Petitioner [the Conservancy] avers, based on information, knowledge and belief after reasonable efforts to obtain such information, the following buildings appear to be abandoned or blighted property in that:

(1) The building has not been legally occupied for at least the previous 12 months.

(2) The building has not been actively marketed during the 60 days prior to the date of this petition by posting a for

---

**3.** The Conservancy seeks to eventually rehabilitate 330 abandoned and blighted properties (out of an estimated 2000 in the Germantown area). In the original Petition filed on September 16, 2009, the Conservancy listed 310 properties. However, upon the advice of the City Solicitor, the Conservancy amended the Petition to list only 50 properties, "with the expectation that the balance would be included upon subsequent amendment." The Conservancy's Brief, at 4, n. 3.

sale sign, listing on the Multiple Listing Service and advertising.

(3) The building is not subject to an existing foreclosure action.

(4) The current owner has not acquired the property within the preceding six months.

(5) The building suffers from at least three of the following attributes:

i. The building or physical structure is a public nuisance in violation of the City of Philadelphia Fire, Health, Housing and/or Property Maintenance Codes.

ii. The building is in need of substantial rehabilitations which requires the cost of repairs, replacements and improvements exceeds 15% of the property's' value after completion of such repairs, or more than one major building component requirements replacement, including but not limited to roof structures, ceilings, wall or floor structures, foundations, plumbing systems, heating and air conditioning systems, and electrical systems, and no rehabilitation has taken place during the previous 12 months.

iii. The building is unfit for human habitation, occupancy or use.

iv. The condition and vacancy of the building materially increase the risk of fire to the building and to adjacent properties.

v. The building is subject to unauthorized entry leading to potential health and safety hazards and one of the following applies.

(1) The owner has failed to take reasonable and necessary measures to secure the building.

(2) The city has secured the building to prevent such hazards after the owner has failed to do so.

vi. The property is an attractive nuisance to children, including, but not limited to, the presence of abandoned wells, shafts, basements, excavations and unsafe structures.

vii. The presence of vermin or the accumulation of debris, uncut vegetation or physical deterioration of the structure or grounds has created potential health and safety hazards and the owner has failed to take reasonable and necessary measures to remove the hazards.

viii. The dilapidated appearance or other condition of the building negatively affects the economic well-being of residents and business in close proximity to the building including decreases in property value and loss of business, and the owner has failed to take reasonable and necessary measures to remedy appearance or the condition.

ix. The property is an attractive nuisance for illicit purposes, including prostitution, drug use and vagrancy.

Petition for Conservatorship, October 6, 2009, at 1–2.

The Conservancy asked the Court to declare all 50 properties a public nuisance in violation of the Philadelphia Fire, Health, Housing and/or Property Maintenance Codes. The Conservancy also provided a "Preliminary Plan" as required under Section 4(b)(3), 68 P.S. § 1104(b)(3).[4]

### The Common Pleas Court's Order

On November 6, 2009, the common pleas court dismissed the Petition "without prejudice" because the petition did not comply with the requirements of Act 135, and General Court Regulation No. 2009–01.

**4.** This Court notes that the addresses of the 50 buildings identified by Conservancy Project Numbers 1 through 50 in the Conservancy's Petition do not coincide with the buildings identified as Conservancy Project Numbers 1 through 50 in the Preliminary Plan.

Specifically, the common pleas court concluded that a "separate action must be commenced for each property alleged to be abandoned and blighted and for which the appointment of a conservator is sought." *Id.* The common pleas court also found that the Conservancy's Petition was "completely deficient" in that it did not include any of the specific information required by Act 135, *"especially the lienholder and documentary proof required to establish that each property was a 'public nuisance' and 'abandoned.'"* Common Pleas Court Rule 1925 Opinion, January 14, 2010, at 4.[5] (Emphasis added).

### The Conservancy's Appeal

On appeal[6], the Conservancy raises three issues. **First,** it contends that the common pleas court's dismissal of the Petition violated Pennsylvania Rule of Civil Procedure 239(f) which prohibits the dismissal of a civil action or proceeding for failure to comply with a local rule. **Second,** the Conservancy asserts that Philadelphia County General Court Regulation 2009–01 is inconsistent with Act 135 and therefore void *ab initio,* because it "abridges the rights of parties seeking relief under Act 135." Conservancy's Brief at 2. **Last,** the Conservancy argues that the matter must be remanded to the Philadelphia County Orphan's Court Division for adjudication of the Petition on the merits.[7]

### NOT A DISMISSAL FOR VIOLATION OF LOCAL RULE

On November 6, 2009, the common pleas court dismissed the Conservancy's Petition without prejudice to re-file the action(s) in accordance with the specific requirements of Act 135 and General Court Regulation No. 2009–1. At the time the Petition was dismissed, there was no activity on the docket besides the initial filing. The common pleas court clarified that each Petition must be limited to a single building, and include for each building the requisite information identified in Act 135, in an electronic format acceptable to the court.

■ The Conservancy contends that the common pleas court erred because Pa. R.C.P. No. 239(f) specifically prohibits dismissal of an action for failure to comport with a local rule, namely, General Court Regulation 2009–1. Rule 239(f) of the Pa. R.C.P. provides: "No civil action or proceeding shall be dismissed for failure to comply with a local rule." A "Local Rule" is defined in Pa. R.C.P. No. 239(a) as "every rule, regulation, directive, policy, custom, usage, form or order of general application, however labeled or promulgated, which is adopted and enforced by a

---

**5.** The Conservancy asserts that the common pleas court's conclusion in this regard was incorrect because the Conservancy did attempt to file its documentary proof. However, it "was so substantive that it was too large to be filed through the First Judicial District's electronic filing system." Conservancy's Brief at 6, n. 7. It is not clear to this Court what the documentary proof was.

**6.** This Court's review is limited to whether the trial court abused its discretion or committed an error of law necessary to the outcome of the case. *Snyder v. North Allegheny School District,* 722 A.2d 239 (Pa.Cmwlth.1998).

**7.** This Court finds that the common pleas court's Order was appealable as of right under Rule 313 of the Pennsylvania Rules of Appellate Procedure as a collateral order. A collateral order is "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.App.P. 313(b).

court of common pleas to govern civil practice and procedure."

Here, the common pleas court did not dismiss the Petition without prejudice solely on the grounds that the Conservancy failed to comply with the local regulation. Rather, the common pleas court dismissed the Petition without prejudice because it found the Conservancy's Petition did not meet the requirements of Act 135. The common pleas court specifically stated that the Petition was dismissed because it did not meet the requirements *of Act 135* and General Court Regulation 2009–1. Again, the common pleas court found that the Petition was lacking "the documentary proof required to establish that each property was a 'public nuisance' and 'abandoned.'" Common Pleas Court Rule 1925 Opinion, January 14, 2010, at 4. The common pleas court interpreted Act 135 as requiring a separate petition for each property. The Petition was not dismissed solely on the violation of a "local rule." The trial court dismissed, at least in part, due to the failure of the petition to confirm with Act 135. This ground for dismissal is independent and survives even in the absence of the common pleas court's local rule.

■ Moreover, this Court does not view this matter as falling into that category of cases where an action was automatically dismissed as the result of a breach of a local procedural or administrative rule in violation of Pa. R.C.P. No. 239(f). Rule 239(f) was enacted to address the injustice of terminating a lawsuit where the breach of a local procedural rule affected the substantive rights of a party. *Murphy v. Armstrong*, 424 Pa.Super. 424, 622 A.2d 992 (1993).

Here, the Act 135 Petition in this case was not limited to a single property so the common pleas court appropriately dismissed the Petition without prejudice be- cause the Petition was not properly pleaded. Although the common pleas court used the phrase "dismissed without prejudice" the Petition was, in effect, "denied" because the Conservancy failed to establish a *prima facie* entitlement to a hearing on the appointment of a conservator. The Conservancy remained free to re-file separate actions which comport with Act 135 and General Court Regulation 2009–1. The potential for the "serious consequences to litigants which Rule 239(f) was designed to prevent" was not present. *Schulz v. Celotex Corp.*, 447 Pa.Super. 391, 669 A.2d 404, 405 (1996). *See also Byard F. Brogan, Inc. v. Holmes Electric Protective Co. of Philadelphia*, 501 Pa. 234, 460 A.2d 1093 (1983) (A rule which arbitrarily and automatically requires the termination of an action in favor of one party and against the other based upon a non-prejudicial procedural mis-step, without regard to the substantive merits and without regard to the reason for the slip, is inconsistent with the requirement of fairness demanded by the Pennsylvania Rules of Civil Procedure).

Because the Petition was not dismissed in violation of Pa. R.C.P. No. 239(f) this Court finds the Conservancy's first issue to be without merit.

## REQUIREMENT THAT PETITIONER PLEAD AND ATTACH EVIDENCE

The Conservancy contends that General Court Regulation 2009–1 is inconsistent with Act 135 and thus *void ab initio*. It maintains that the common pleas court, through General Court Regulation 2009–1, has imposed pleading and other requirements on Act 135 petitioners beyond those required under Act 135 and, thus, the challenged provisions are invalid. Specifically, the Conservancy contends that Section 4(b) of Act 135, 68 P.S. § 1104(b), which

governs the initiation of the action and contents of the Petition, only requires that the Petitioner submit: (1) a sworn statement that the property meets the conditions for conservatorship set forth in Section 5(d) of the Act, 68 P.S. § 1105(d); (2) if available, a copy of the citation charging the owner with a code violation or declaring the property a nuisance; (3) the name of the person or entity to be appointed conservator; and (4) a Preliminary Plan for rehabilitation of the property. The Conservancy also relies on Section 4(b) of the Act which requires a petition to include specific information only "... to the extent available to the petitioner after reasonable efforts to obtain such information." 68 P.S. § 1104(b).

The Conservancy contends that Paragraph 7 of General Court Regulation 2009–1 sets forth an initial pleading requirement that is more onerous than the General Assembly provides in Section 4(b) of Act 135. Specifically, the Local Regulation requires a petitioner to *include detailed averments, affidavits or proof* that the property at issue meets the conditions for conservatorship set forth in section 5(d); whereas Act 135 requires only that the petition include a sworn statement that the property meets such conditions.

■ It is without dispute that a local court has the right to promulgate local rules of procedure. It is also recognized that that procedural rules, either at the state or local level, are absolutely essential to the orderly administration of justice and the smooth and efficient operation of the judicial process. Pursuant to the Judicial Code, every court has a limited power to "make such rules as the interest of justice or the business of the court may require." 42 Pa.C.S. § 323. Additionally, it is well-settled that "the application, construction and interpretation of a local rule of court are matters primarily to be determined by the court promulgating the local rule and this Court will interfere only where the court commits an abuse of discretion" or when the enforcement of those rules violate the Constitution or laws of the Commonwealth or United States, or our statewide rules. *Patitucci v. Laverty,* 394 Pa.Super. 565, 576 A.2d 992 (1990).

■ A local rule will be invalidated if it abridges, enlarges, or modifies substantive rights of litigants. *Davies v. Southeastern Pennsylvania Transportation Authority,* 865 A.2d 290 (Pa.Cmwlth.2005).

### *Paragraphs 7(a)-(d), (g)-(j) of General Court Regulation 2009–1*

■ First, as mentioned, Act 135 identifies specific circumstances which preclude the appointment of a conservator outright: Section 11 of Act 135, 68 P.S. § 1111, provides that Act 135 does not apply to property owned by the federal government, or where the owner of the property has vacated the property in order to perform military service in time of war. Section 5(d) of Act 135, 68 P.S. § 1105(d)(1)–(4), provides that a conservator may only be appointed if (1) the building has not been legally occupied for at least the previous 12 months; and (2) the building has not been actively marketed during the 60 days prior to the date of the petition; and (3) the building is not subject to an existing foreclosure action; and (4) the property was not within the preceding six months.

Paragraphs 7(a)–(d), (g)–(j) of General Court Regulation 2009–1 require that the petitioner establish in the Petition, or pleading stage, that the appointment of a conservator is not statutorily barred. The local regulation permits the petitioner to establish this by affidavit, exhibits *or* detailed averments. The local regulation does not require petitioners to "attach proof" or establish any criteria *beyond* that

which is mentioned in Act 135. It simply requires that supporting information (*via* documents *or* detailed averments) be provided up front, to the extent applicable and available, to establish a *prima facie* entitlement to the appointment of a conservator. Clearly, if the property belongs to a member of the military who is overseas, a conservator will not be appointed. By requiring the petitioner to conduct such an investigation pre-hearing and listing this information in the petition, the court common pleas court is immediately aware of whether a hearing is even needed and valuable judicial resources are not wasted. The Conservancy has identified no harm, onerous burden or violation of any substantive right which convinces this Court to find otherwise.

This Court views the requirements of Paragraphs 7(a)–(d), (g)–(j) of General Court Regulation 2009–1 entirely consistent with Act 135, and the common pleas court's authority to regulate its own practice, without control, on the ground of expediency and the proper disposition of cases before it.

### Paragraphs 7(k)(1)–(9) of General Court Regulation 2009–1

■ Paragraphs 7(k)(1)–(9) of General Court Regulation 2009–1 pose a unique problem.

These sections of the local regulation appear to address the statutory criteria with which the court is required to comply to determine, after hearing, whether to appoint a conservator under Section 5(d)(5). Therefore, the question is whether it was improper for the common pleas court to craft a local rule that authorizes the court to dismiss as deficient an Act 135 petition because the Petition did not include detailed averments, affidavits or proof that the property at issue meets the conditions for conservatorship set forth in Section 5(d). The Conservancy contends that the local regulation imposes an onerous burden on petitioners beyond the requirements of Act 135 because Act 135 envisions that this proof or evidence be presented at the hearing required under the Act, not at the pleading stage.

General Court Regulation 2009–1 appears to be an effort by the common pleas court to curtail Act 135 hearings and to limit those situations where a conservator is appointed. The common pleas court suggests in its Rule 1925 Opinion that Paragraph 7(k) of General Court Regulation preserves the judicial resources of the court:

> This court is painfully aware of the administrative nightmare created, with a resultant loss of property rights to interested parties as well as the inordinate expenditure of valuable and limited judicial resources, if it were required to conduct the hearing and inquiries mandated by Act 135 without being able to require a petitioner to utilize court rules and court approved pleadings.

(Opinion, January 14, 2010, at 4.) Even the Conservancy acknowledges the heavy caseload of the common pleas court's civil trial division. However, this Court must agree Paragraphs 7(k)(1)–(9) of General Court Regulation 2009–1 go beyond Act 135's requirements and deprives a petitioner of a hearing for failure to provide more than a sworn statement that the criteria in Section 5(d) are met.

This Court must agree with the Conservancy that a petitioner under Act 135 has an absolute right to a hearing if it establishes that the conservatorship is not statutorily barred as discussed herein. Section 5(a) of Act 135, 68 P.S. § 1105(a), provides that the court "shall" act upon a petition and hold a hearing within 120 days. However, failure to comply with the additional requirements imposed by the General

Court Regulation may result in the denial of a hearing. This is improper. *Warner v. Pollock*, 434 Pa.Super. 551, 644 A.2d 747 (1994). Under Section 4(b) the petitioner is to provide a sworn statement that the factors in Section 5(d)(5) are met. Under Act 135, this is all that is required to proceed to hearing. Act 135 does not require that proofs be attached or plead and dismissal of the petition results in deprivation of a hearing which is a substantive right. Therefore, this Court is constrained to hold that General Court Regulation 7(k)(1)–(9) is invalid and unenforceable.

As the Superior Court pointed out in *Warner*, the common pleas court certainly may ask its litigants to provide this information in the Petition. However, such a provision may have to be set forth in elective fashion, dismissal for failure to comply is improper.[8]

### Requirement that Petitioner obtain a Philadelphia Business Privilege Tax License

■ The Conservancy also takes issue with General Court Regulation 2009–1's requirement that a petitioner obtain a Philadelphia Business Privilege Tax license. The Conservancy contends that this is inconsistent with the Philadelphia City Code § 19–2601[2](2) which expressly exempts non profit businesses from the business privilege tax license provisions.[9]

With respect to nonprofit conservators and an Act 135 petition, paragraph (3) of the Local Regulation provides:

> [A] nonprofit corporation wishing to serve as Conservator should attach to the Petition a Certification to Serve as Conservator, certifying, *inter alia*, whether the Internal Revenue Service has granted nonprofit corporation tax exempt non-profit status under § 501(c)(3) of the Internal Revenue Code; that the nonprofit corporation is located in Philadelphia **and has a current Philadelphia Business Privilege License;** that the nonprofit corporation is eligible to receive a Certificate of Good Standing from the Pennsylvania Department of State; that the nonprofit had participated in a project within a one-mile radius of the property; and that the nonprofit corporation has passed a resolution authorizing the filing of the Petition for Appointment of a Conservator and, if the nonprofit corporation is named as the proposed Conservator, the nonprofit corporation has

8. The Conservancy also asserts that to the extent General Court Regulation 2009–1 requires petitioners to name a "respondent" it violates the party-in-interest intervention procedures under 68 P.S. § 1104(d)(6) and 1105(b). Paragraph 4 of the Local Regulation provides that "[t]he petition must name as Respondent the 'owner' of the property at issue." True, there is no such requirement in Act 135. Act 135 provides that the owner of the property, among others, is considered a "[p]arty in interest," 68 P.S. § 1103, who is entitled notice of the filing of the petition and an opportunity to intervene and be heard on the petition. 68 P.S. §§ 1104(d), 1105(b). As to the owner of the property, the local regulation abrogates the intervention provision of Act 135, requiring, instead, that the owner be made a party. However, the mere fact that a local regulation differs in some respect from the statute does not automatically make it void. It must abridge some substantive right of the litigants, a right not identified by the Conservancy. The Conservancy also mentions in passing other differences between Act 135 and General Court Regulation which this Court will not address absent some notion of how the differences affected the Conservancy's substantive rights.

9. § 19–2602(1) of the Philadelphia Code provides "Every person desiring to engage in or to continue to engage in any business within the City of Philadelphia shall, whether or not such person maintains a place of business in the City, prior to engaging in such business, procure a business privilege license from the Department of Licenses and Inspections."

passed a resolution authorizing its acceptance of a court appointment as Conservator for the specific property or properties at issue and is authorized to perform all of the duties required of a Conservator. (Emphasis added).

Chapter 19–2600 of the Philadelphia Code which deals with Business Privilege Taxes, specifically excludes from the definition of "Business" "[a]ny business conducted by a nonprofit corporation or association or association organized for religious, charitable, or education purposes, the business of any political subdivision, or of any authority created and organized under and pursuant to law of this Commonwealth, and the business of any credit union chartered under the laws of this Commonwealth." Philadelphia Code § 19–2601.

General Court Regulation 2009–1 is inconsistent with Act 135 because it ostensibly requires a nonprofit corporation seeking to serve as conservator to have a current Philadelphia Business Privilege License, which is not required under the Philadelphia Code or Act 135.

Paragraph (3) of the General Court Regulation 2009–1 is, therefore, invalid.

### ACT 135 REQUIRES ONE PETITION PER PROPERTY

This Court agrees with the common pleas court that the Act requires that a *separate* petition be filed for each property at issue rather than to combine evidence and allegations of multiple properties in one action. The manner in which the Conservancy proceeded suggests that it has filed this Petition in furtherance of a large scale revitalization project, without suffi-

cient respect and regard to the individual rights of the owners of each building. This Court agrees, based on the language of Act 135, that it was not designed to handle multiple properties in one Petition. While the Court recognizes the importance of the Conservancy's mission, it must be mindful that the rights of all parties are protected and safeguarded. Act 135 clearly contemplates that each property must be viewed and analyzed according to the specific circumstances involving the particular condition, ownership, and potential for rehabilitation. It is simply not sufficient to assert, as the Conservancy does here, that "in reality, every property that has been targeted by the Conservancy is clearly and obviously blighted. Most are unoccupied and boarded up, many are reduced to rubble." Conservancy's Brief at 20.

■ Because the Conservancy included multiple properties in one Petition it did not meet the requirements for filing an initial action under Act 135. Because these are *in rem* proceedings and each property may be unique, at least to the owner, the trial court's interpretation of Act 135 as requiring a separate petition for each property is consistent with the statutory language.[10]

Accordingly, the common pleas court did not err when it dismissed the Conservancy's Petition without prejudice for failure to file a separate Petition for Conservator for each building. The Order of the Court of Common Pleas of Philadelphia County is, therefore, affirmed. In addition, this Court holds that the portion of General Court Regulation 2009–1 ¶ 7(k)(1)–(9) which requires the petitioner to include

---

**10.** Last, the Conservancy argues that the matter must be remanded to the Orphan's Court pursuant to Rule 2156 of the Pennsylvania Rules of Judicial Administration because it is a nonprofit corporation which intends to hold and control property. Because this Court has determined that the common pleas court acted property in dismissing the Petition without prejudice for failure to comply with act 135, there is no action to remand.

evidence, averments and proofs that the criteria in Section 5(d)(5) of Act 135, 68 P.S. § 1105(d)(5) are met, abridges the substantive rights of the parties litigant and is null and void. Further, Paragraph 3 of General Court Regulation 2009–1 is invalid to the extent that it requires a nonprofit corporation seeking to serve as conservator to have a current Philadelphia Business Privilege License.

### ORDER

AND NOW, this 30th day of April, 2010, the Order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed. The portion of General Court Regulation 2009–1 ¶ 7(k)(1)–(9) which requires the petitioner to include evidence, averments and proofs that the criteria in Section 5(d)(5) of Act 135, 68 P.S. § 1105(d)(5) are met, abridges the substantive rights of the parties litigant and is null and void. General Court Regulation 2009–1 is invalid to the extent that it requires a nonprofit corporation seeking to serve as conservator to have a current Philadelphia Business Privilege License.