In Re: Appeal of 325 S. 18th Street,   :
LLC   :
   :
Appeal from the Decision of City of   :   No. 778 C.D. 2024
Philadelphia Board of Licenses   :
and Inspection Review   :   Submitted: July 7, 2025
   :
Appeal of: 325 S. 18th Street, LLC   :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
   HONORABLE STACY WALLACE, Judge
   HONORABLE MARY HANNAH LEAVITT, Senior Judge

**_OPINION NOT REPORTED_**

MEMORANDUM OPINION
BY JUDGE McCULLOUGH   FILED: August 7, 2025

This appeal is the latest iteration of longstanding and tortured litigation regarding a parcel of real property located at 325 S. 18th Street (Property) in the City of Philadelphia (City), which has been under the conservatorship[1] of Philadelphia Community Development Coalition, Inc. (PCDC) for several years. This appeal, however, does not concern PCDC's conservatorship or the conservatorship proceedings.[2] Rather, it straightforwardly involves PCDC's appeal of a Violation

---

[1] Conservators may be appointed to manage, rehabilitate, and potentially sell blighted or abandoned properties pursuant to the Abandoned and Blighted Property Conservatorship Act, Act of November 26, 2008, P.L. 1672, _as amended_, 68 P.S. §§ 1101-1111, commonly known as Act 135 (Act 135). _See_ Section 2 of Act 135, 68 P.S. § 1102; _In re Conservatorship Proceeding In Rem by Germantown Conservancy, Inc._, 995 A.2d 451, 453 (Pa. Cmwlth. 2010).

[2] We recently described the history of the conservatorship proceedings in _Walsh v. Isabella_ (Pa. Cmwlth., Nos. 47 & 48 C.D. 2022, filed June 13, 2025), slip op. at 2-3 (quoting _Walsh v. Isabella_ (Pa. Cmwlth., Nos. 577 C.D. 2022, 624 C.D. 2022, 1166 C.D. 2022, 1235 C.D. 2022, 76 C.D. 2023, filed December 23, 2024), slip. op. at 1-2). At the time PCDC was appointed conservator, Teresa F. Isabella was the Property's owner. 325 S. 18th Street, LLC (Appellant) purchased the Property on April 28, 2017, for $1 million and subsequently intervened in the
**(Footnote continued on next page…)**

Notice and Order to Correct issued by the City's Department of Licenses and Inspections (L&I) on November 4, 2022, which cited the Property as "unsafe" due to the condition of the chimneys on the Property's structure.

Herein, Appellant appeals from the order entered on June 12, 2024, by the Court of Common Pleas of Philadelphia County (trial court), which denied Appellant's appeal from the October 24, 2023 decision of the City's Board of License and Inspection Review (BLIR). BLIR determined that PCDC's appeal was moot because L&I determined that PCDC had brought the Property into compliance with the pertinent provisions of the Philadelphia Code.[3]

Although Appellant was not party to PCDC's appeal before BLIR, it nevertheless argues in this Court that the trial court erred in affirming BLIR's

---

conservatorship proceedings. In the years following the trial court's approval of a final remediation plan, both Isabella and

> Appellant[] filed a plethora of motions in [the trial court] in which they sought to, inter alia, terminate the Act 135 conservatorship, remove PCDC as conservator, and disqualify multiple trial judges involved in the case, which were denied. Appellant[] [has] filed 21 appeals from those adverse rulings in both this Court and the Pennsylvania Supreme Court, which were unsuccessful. In 2021, Appellant[] also filed two actions against PCDC and various individuals in the United States District Court for the Eastern District of Pennsylvania asserting claims of conspiracy, which were dismissed. One of those actions proceeded to the United States Court of Appeals for the Third Circuit, which affirmed the dismissal of the matter. PCDC has since worked to remediate the property in accordance with the [f]inal [remediation] [p]lan.

*Id.*, slip op. at 3. *See also* City's Br. at 4-5 (citing approximately 20 appeals filed to this Court regarding the Property).

[3] City of Philadelphia, Pa., Code (2024), *as amended*, available at https://codelibrary.amlegal.com/codes/philadelphia/latest/philadelphia_pa/0-0-0-266407 (last visited Aug. 6, 2025).

2

mootness determination. Upon review, we dismiss Appellant's appeal for lack of standing.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The material facts underlying this appeal are straightforward, largely undisputed, and may be summarized as follows. L&I issued identical Notices of Violation and Orders to Correct (the NOV) to Appellant and PCDC on November 1 and 4, 2022, respectively (L&I File No. CF-2022-111012). The NOV indicated that the chimneys on the Property's structure were fractured and leaning with loose and missing bricks and required that the conditions be remedied on or before December 5, 2022. PCDC appealed the NOV to BLIR on November 8, 2022 (BLIR No. HA-2022-004853). Appellant did not appeal.

On May 8, 2023, while PCDC's appeal was pending before BLIR, L&I issued Notices of Compliance to both PCDC and Appellant in which L&I advised that the underlying violations had been remedied and, accordingly, that it was closing the case. BLIR continued to process PCDC's appeal and scheduled a hearing for October 24, 2023. On October 17, 2023, Olivia Adams, Esq. (Attorney Adams) emailed BLIR regarding PCDC's appeal and two unrelated, non-consolidated appeals that she filed on Appellant's behalf regarding a permit issued by the City's Historical Commission. Therein, Attorney Adams advised that she was Appellant's lead counsel in the conservatorship proceedings and requested as follows:

> This email serves as [Appellant's] *FIRST Request for a Continuance* due to lack of counsel. Although I filed the above-referenced appeals, [Appellant] secured other counsel to appear at the October 24, 2023 hearings but, due to severe disappointment with said counsel's performance at a very recent hearing, [Appellant] is in the process of retaining alternative representation. As a

3

corporation, [Appellant] cannot appear without legal counsel and a short continuance is needed (30 days).

(Supplemental Reproduced Record (S.R.) 004b) (emphasis in original)). Attorney Adams attached multiple documents to the email, which she cited as supporting evidence that the structural problems with the chimneys and other conditions on the Property had not been adequately remedied.[4]

At the hearing on October 24, 2023, neither Attorney Adams nor any other counsel for Appellant appeared. Although Anthony Rufo, the putative sole member of Appellant, attended the hearing, he was not represented by counsel and, therefore, was not permitted to argue for Appellant. BLIR granted Attorney Adams' continuance request regarding the two appeals she filed on Appellant's behalf. (Reproduced Record (R.R.) 0380a-81a.) Regarding PCDC's appeal, BLIR declined to grant a continuance, noted that Appellant was not a party to that appeal, and considered the representations of counsel for both the City and PCDC that L&I had issued Notices of Compliance regarding the NOV and closed Case No. CF-2022-111012. *Id.* at 0378a, 0382a-84a. Counsel for PCDC, the appellant before BLIR, argued that the appeal was therefore moot, as there was no longer any issue for BLIR to decide. *Id.* at 03834a. Counsel for the City agreed, and BLIR accordingly marked the appeal as "Moot Complied."

Appellant appealed to the trial court, which scheduled a hearing for June 11, 2024. Attorney Adams attended the hearing, and when asked by the trial court why she did not attend the hearing before BLIR, she responded, "Oh,

---

[4] The attachments to Attorney Adams' email, as far as we can discern, were not included in the Reproduced, Supplemental, or Certified Records. Although Appellant submitted hundreds of pages of photographs, correspondence, invoices, and other records both in the trial court and in the Reproduced Record in this Court, it is not clear whether, or how many of, the attachments to Attorney Adams' email to BLIR are included.

definitely, because I'm not the attorney who was handling it. . . . Why didn't I attend it? I let them know I was never to be the attorney because I'm handling the Act 135 and I'm pretty much retired." (R.R. 0399a-400a.) The trial court did not receive any additional evidence and ultimately denied Appellant's appeal. The trial court concluded that (1) BLIR's marking of PCDC's appeal as "Moot Complied" was supported by substantial evidence, (2) BLIR's denial of Attorney Adams' continuance request regarding PCDC's appeal was reasonable, (3) Appellant was not aggrieved by BLIR's mootness determination, and (4) Appellant had waived its arguments by failing to appear at the hearing on October 24, 2023. (Trial Ct. Order, 6/12/24, at 1-2.)

Appellant then appealed to this Court. In its supporting opinion, the trial court explained that BLIR did not abuse its discretion in denying Attorney Adams' continuance request because Attorney Adams admittedly did not represent any of the participating parties, and Appellant, who itself was not party to the proceedings, did not produce alternate counsel to appear. (Trial Ct. Op. at 8-9.) With regard to BLIR's mootness determination, the trial court concluded that it was not an "adjudication" under Section 5-1005 of the City's Home Rule Charter from which Appellant could appeal.[5] Rather, the trial court concluded that L&I's Notices of Compliance and closure of the underlying NOV eliminated any remaining case or controversy before BLIR, which had nothing left to adjudicate. The trial court

_____

[5] City of Philadelphia, Pa., Home Rule Charter (1952) (Charter), *as amended*, *available at* https://codelibrary.amlegal.com/codes/philadelphia/latest/philadelphia_pa/0-0-0-262986 (last visited Aug. 6, 2025). Section 5-1005 of the Charter provides, in pertinent part, that BLIR shall provide a procedure pursuant to which an aggrieved person may take an appeal to BLIR, which shall thereafter "hear any evidence which the aggrieved party or the City may desire to offer, shall make findings, and render a decision in writing. [BLIR] may affirm, modify, reverse, vacate or revoke the action from which the appeal was taken." Charter, § 5-1005.

5

finally observed that BLIR's mootness determination was supported by substantial evidence and did not affect any of Appellant's rights, as it was not a party to the BLIR proceedings and had no ability to complain in the trial court regarding L&I's determination that the underlying violations were remedied. (Trial Ct. Op. at 10-15.)

## II. ISSUES ON APPEAL[6]

Appellant presents several issues on appeal, which we fairly can summarize as follows: (1) whether BLIR's denial of Attorney Adams' continuance request regarding appeal HA-2022-004853 was an abuse of discretion; and (2) whether the trial court erred in affirming BLIR's marking of PCDC's appeal as "Moot Complied." The City raises an additional issue in response, namely, whether Appellant has standing to pursue this appeal given that it was not a party before BLIR and was not aggrieved by BLIR's mootness determination. The City requests that we quash the appeal on this ground.[7]

---

[6] Where, as here, the reviewing trial court does not receive additional evidence in its review of a BLIR decision, we must affirm the Board's decision unless it violated the appellant's constitutional rights or otherwise was not in accordance with law, the proceedings before the Board violated local agency practice and procedure, or any necessary findings of fact made by the Board were not supported by substantial evidence. *See* 2 Pa.C.S. § 754(b); *Mulberry Market, Inc. v. City of Philadelphia, Board of License and Inspection Review*, 735 A.2d 761 (Pa. Cmwlth. 1999). Section 754(b) of the Local Agency Law provides for such review where the local agency, here, BLIR, creates a complete record. 2 Pa.C.S. § 754(b). As to the mootness of PCDC's appeal, which was the only issue decided by BLIR, the record before BLIR and the trial court was complete.

[7] Appellant did not file a reply brief responding to the City's standing argument. PCDC did not file an appellate brief in this Court and, by Order entered May 16, 2025, was precluded from doing so.

6

### III. DISCUSSION

#### A. <u>Appellant's Standing</u>[8]

We first address the City's standing argument because it goes to the justiciability of this appeal. The City argues that Appellant did not have standing to appeal to the trial court from BLIR's mootness determination and, accordingly, does not have standing to pursue this appeal. The City insists that Appellant was neither a party to PCDC's appeal to BLIR nor was it aggrieved by BLIR's mootness determination, and for those reasons, it lacks standing in this Court. We agree.

Standing to obtain judicial review of an adjudication of a local agency, which BLIR undisputedly is, *see City of Philadelphia v. Philadelphia Board of License and Inspection Review*, 669 A.2d 460, 462 (Pa. Cmwlth. 1995), is governed by Section 752 of the Local Agency Law, which provides as follows:

> Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).[9]

---

[8] Although the trial court did not expressly hold that Appellant lacked standing to appeal from BLIR's mootness determination, the standing question fairly was before the trial court, which indeed concluded that Appellant was not aggrieved by the Board's mootness determination and had "no rights or responsibilities at stake in PCDC's appeal." (Trial Ct. Op. at 13; *see also* Trial Ct. Order at 2.) Further, and unlike the question of whether Appellant would have had standing *to intervene or otherwise participate* in the proceedings before the BLIR, the question of a party's *standing to appeal* a local agency decision is a threshold statutory question that may be raised in this Court regardless of whether it was raised in the trial court. *ACS Enterprises, Inc. v. Norristown Borough Zoning Hearing Board*, 659 A.2d 651, 655 (Pa. Cmwlth. 1995). A party's standing to appeal is a question of law, over which our standard of review is *de novo* and our scope of review is plenary. *Office of the Governor v. Donahue*, 98 A.3d 1223, 1228 (Pa. 2014).

[9] Pertinent here, Section 933(a) of the Judicial Code, 42 Pa.C.S. § 933(a)(2), vests jurisdiction over appeals from local agency determinations in the Court of Common Pleas.

7

2 Pa.C.S. § 752. Thus, Appellant's standing to seek judicial review of BLIR's mootness determination depends on whether Appellant has established that (1) the determination is an "adjudication"; (2) Appellant was "aggrieved" by it; and (3) Appellant has a direct interest in it.

Regarding the first prong, an "adjudication" of a local agency is defined, with certain exceptions not applicable here, as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made." 2 Pa.C.S. § 101. Relatedly, Section 5-1005 of the Charter requires BLIR, after hearing, to make findings and render a decision in writing, in which it may "affirm, modify, reverse, vacate or revoke the action from which the appeal was taken to it." Charter, § 5-1005. We have construed an agency "adjudication" as a "decision or refusal to act [that] leaves a complainant with no other forum in which to assert his or her rights." *City of Philadelphia,* 669 A.2d at 463.

Given these definitions, we must conclude that BLIR's marking of PCDC's appeal as "Moot Complied" was not an "adjudication" from which Appellant had standing to appeal. Most plainly, it is undisputed that Appellant was not a party to PCDC's appeal of the NOV issued by L&I in November 2022. Although Appellant received its own notice of the underlying violations, it did not seek to intervene in PCDC's appeal and did not file an appeal in its own right. Further, although Attorney Adams attempted to communicate with, and submitted certain documents to, BLIR regarding PCDC's appeal, she admittedly was not the attorney of record for PCDC's appeal and had no intention of representing Appellant *in that appeal* at the hearing on October 24, 2023, or otherwise. Thus, under the

8

plain language of the definition of "adjudication," because Appellant was not a party to the proceeding in which BLIR made the mootness determination, it does not have standing to appeal it.[10]

Under the second and third prongs, which require that Appellant be "aggrieved" by and have a direct interest in BLIR's mootness determination, we likewise find that these requirements have not been met. Appellant received an identical NOV from L&I and did not appeal it. It further did not intervene in PCDC's appeal, in which only the validity of the underlying citations was at issue. Obviously, BLIR's determination that the underlying violations had been remedied and that PCDC (and by association Appellant) had no further responsibility for them did not "aggrieve" or otherwise harm Appellant. Although Appellant might take issue with either PCDC's methods of contracting out the repair work or the workmanship, reasonableness, or cost of that work, that fact does not make Appellant "aggrieved" by or to have any interest in BLIR's mootness determination.

In sum, we conclude that Appellant lacked standing to appeal BLIR's mootness determination to the trial court and, accordingly, lacks standing in this Court. *See ACS Enterprises, Inc.*, 659 A.2d at 654-55 (dismissing appeal filed by party to zoning board proceedings where party was not aggrieved by board's decision to grant variance; appealing party had no standing to appeal to either the trial court or this Court). Although the City requests that we quash the appeal on this ground, the more appropriate disposition is to dismiss given that quashal

---

[10] Although we need not decide the question, we note that BLIR's mootness determination likely is not an "adjudication" under Section 5-1005 of the Charter. BLIR did not "adjudicate" or decide anything with regard to the validity of the underlying violations for which PCDC was cited by L&I. Rather, it merely marked PCDC's appeal as moot because L&I, the enforcement agency that issued the citations, determined that they had been remedied and closed the case. That fact was undisputed before BLIR, which, at that point, had nothing from L&I to "affirm, modify, reverse, vacate or revoke[.]" Charter, § 5-1005.

9

typically is reserved for circumstances where this Court lacks jurisdiction. As a lack of standing affects justiciability, but not jurisdiction, *see Liberties Lofts LLC v. Zoning Board of Adjustment*, 182 A.3d 513, 523-24 (Pa. Cmwlth. 2018), we dismiss.

**B.      Remaining Issues**

Even if we were to conclude that Appellant had standing to pursue this appeal, we nevertheless would conclude that Appellant's issues lack merit. As to Appellant's contention that BLIR abused its discretion in denying Attorney Adams' request for a continuance of the hearing on PCDC's appeal, we would disagree.[11] "[T]he power to grant or refuse a continuance is an inherent power of a court or administrative agency, which is normally discretionary and subject to review only on a clear showing of an abuse of that discretion. In such cases, our chief considerations in determining the existence of an abuse of discretion are whether or not the grant or refusal of the continuance would be in furtherance of justice and whether or not a refusal would prejudice the rights of one of the parties." *Hite v. City of McKeesport*, 312 A.3d 420, 426 (Pa. Cmwlth. 2024) (internal citations and quotations omitted).

As discussed above, Appellant was not a party to PCDC's appeal and did not file an appeal in its own right. Further, Attorney Adams admittedly was not representing Appellant in PCDC's appeal and did not seek the continuance so that she could attend the hearing. Rather, she requested the continuance so that undisclosed alternative counsel could appear on Appellant's behalf. In these circumstances, it cannot be an abuse of discretion to deny a continuance request submitted by counsel who does not represent the requesting entity which, in any event, is not party to the proceedings. This is so particularly given that (1) BLIR's

---

[11] Throughout its brief, Appellant mistakenly argues that the *trial court*, rather than BLIR, abused its discretion in refusing to grant Appellant a continuance. *See* Appellant's Br. at 19-21.

10

mootness determination did not prejudice Appellant in any way; and (2) BLIR *granted* Attorney Adams' continuance requests for the two BLIR appeals that she filed on Appellant's behalf. There simply is no basis on which we could find an abuse of discretion by BLIR.

We also would find substantial evidence in the record supporting BLIR's mootness determination. We have described the "mootness" doctrine as follows:

> It is well settled that an actual case or controversy must be extant at all stages of litigation, not merely at the time that a complaint is filed[.] . . . An "actual case or controversy" is one that is real rather than hypothetical and affects someone in a concrete manner so as to provide a factual predicate for reasoned adjudication. Exceptions to the mootness doctrine may be made where the conduct complained of is capable of repetition yet likely to evade judicial review, where the case involves issues of great public importance, or where one party will suffer a detriment without the court's decision. As a pure question of law, the issue of mootness is subject to a *de novo* standard of review.

*Gray v. Philadelphia District Attorney's Office*, 311 A.3d 1230, 1236 (Pa. Cmwlth. 2024) (internal citations omitted).

In this regard, the trial court reasoned as follows:

> [T]here is substantial evidence in the record to support [BLIR's] determination that the appeal below was, in fact, moot. The only issue brought to [BLIR] in PCDC's appeal was the NOV issued by [L&I]. [BLIR] does not review the quality of the application materials, nor the quality of work that was done after the appeal had been filed. The record presented to [BLIR] simply consisted of the City representing on the record that the violations had been corrected and that L&I had closed the violations, thereby rendering the appeal of PCDC to be moot. There was no

11

collateral appeal filed from [L&I's] act of closing the violations.

. . . .

If [L&I] later determines that unsafe conditions persist or that conditions arise warranting a new [notice of violation], that will be an entirely separate matter that may or may not be subject to a different appeal to [BLIR]. There is no public interest in the outcome of this matter, nor does the determination of mootness have any detrimental impact [on] Appellant. None of the exceptions to the mootness doctrine are met here. [BLIR] was simply tasked with determining whether the NOV had been properly issued in the first place[,] which was a question that neither PCDC nor [Appellant] had ever contested.

PCDC's appeal did not contest the validity of the NOV but merely sought to stay enforcement and fines pending their submission of permit application materials to correct the violations. Because those materials had been submitted, [L&I] issued the requisite permits, and the violation was subsequently closed by [L&I]. There was no dispute that the violations were closed[.] It is axiomatic that once the violations were corrected, and there being no other issues related to the violation raised by PCDC, the appeal was rendered moot.

It is immaterial whether [ ] Appellant believes that the work by PCDC's contractors was sub-par or that the permits should not have been issued by L&I. None of those questions were presented before [BLIR] because the permit and work that followed took place well after the NOV had been issued and after the appeal had been filed. Essentially[,] Appellant is baselessly complaining that [the trial court] should reverse and/or remand this matter because [BLIR] did not decide questions that had not been presented to [it] for decision. There is substantial evidence in the record, with [no] proof presented to the contrary, that the violation which had [precipitated] [ ]

12

> PCDC's appeal to [BLIR] had been closed by [L&I]. Thus PCDC's appeal had been properly rendered moot.

(Trial Ct. Op., at 13-15.)

We agree with the trial court's sound reasoning. All of Appellant's arguments before BLIR, the trial court, and now this Court essentially challenge L&I's closure of its case because the underlying violations were remedied. Appellant alleges that the chimney (and other unrelated) remediation work was substandard and involved fraud, collusion, and wrongdoing among PCDC, the City, and private contractors. Those are issues for the conservatorship proceedings, where Appellant may (and likely will) litigate them. The straightforward question before BLIR at the October 24, 2023 hearing was whether PCDC's appeal from the NOV issued by L&I was moot as a matter of law given L&I's subsequent determination, unchallenged in the proceedings below, that the violations had been remedied. BLIR determined that the appeal was indeed moot, the record substantiates that determination, and all *parties* to the BLIR proceedings agreed. There simply was nothing left for BLIR to adjudicate, and for that reason, PCDC's appeal was moot.

## IV. CONCLUSION

For the above reasons, we dismiss Appellant's appeal. Even if we were not to dismiss, we would conclude that Appellant's issues are without merit and, on that alternative basis, would affirm the trial court.

_____
PATRICIA A. McCULLOUGH, Judge

13

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of 325 S. 18th Street, : 
LLC : 
  :
  :
Appeal from the Decision of City of :   No. 778 C.D. 2024
Philadelphia Board of Licenses :
and Inspection Review :
  :
  :
Appeal of: 325 S. 18th Street, LLC :

## ***ORDER***

AND NOW, this 7th day of August, 2025, the appeal filed in the instant matter by 325 S. 18th Street, LLC is hereby DISMISSED.


_____
PATRICIA A. McCULLOUGH, Judge