# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Auto Shower II, Inc.          :
                               :
          v.                   :    No. 1611 C.D. 2018
                               :    Argued:  October 3, 2019
Mark Darius Juszczak and      :
Katerina P. Juszczak,          :
            Appellants       :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ROBERT SIMPSON, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY SENIOR JUDGE SIMPSON**        **FILED:  November 21, 2019**

Auto Shower II, Inc., (Conservator) was appointed as conservator of property located at 421 Ross Street, Wilkinsburg, Allegheny County, Pennsylvania (Property) pursuant to the Abandoned and Blighted Property Conservatorship Act (Act).[1]   Mark Darius Juszczak and Katerina P. Juszczak (Owners) appeal from an order of the Allegheny County Court of Common Pleas (trial court)[2] that found the Property met the conditions for conservatorship under the Act.  In its opinion issued pursuant to Pa. R.A.P. 1925, the trial court also found issues in the current appeal to this Court were waived because Owners failed to file post-trial motions.  Because Owners did not file post-trial motions, resulting in waiver of issues relating to the appointment of a conservator, we dismiss the appeal.

---

[1] Act of November 26, 2008, P.L. 1672, as amended, 68 P.S. §§1101-1111.

[2] The Honorable Donald R. Walko, Jr., presided.

# I. Background

Conservator, which operates a car wash, owns the premises adjacent to the Property. On May 26, 2018, Ron Buchanan, president and sole shareholder of Conservator,[3] (President) filed a petition for conservatorship on Conservator's behalf, naming himself as the petitioner (Petition). The Petition asserted the Property met the conditions for conservatorship under Section 5(d)(1)-(4) of the Act, 68 P.S. §1105(d)(1)-(4). Specifically, it averred the Property: was not occupied for the prior 12 months; had not been marketed in the prior 60-day period; was not subject to foreclosure; and was not acquired within six months prior to filing the Petition. The Petition also alleged the Property required substantial rehabilitation, on the interior and exterior.

President alleged he was a party in interest under Section 3 of the Act as a business owner within 2,000 feet of the building. 68 P.S. §1103. Indeed, the car wash is within 10 feet of the Property. After the Petition was filed, Allegheny County and the Borough of Wilkinsburg (Borough) filed appearances as municipal entities with a direct and immediate interest in the Property.

In mid-July, Owners filed an answer with new matter to the Petition in which they admitted certain material allegations regarding the Property. Notably, Owners did not challenge President as a proper party in interest. Although Owners denied that no rehabilitation occurred in the prior 12 months, they acknowledged the Property needed substantial renovation exceeding 15% of the Property value or more

---

[3] Although President filed the Petition, during a pre-trial conference, the County Solicitor recommended revising it to name Conservator as the petitioner. As a result, Conservator filed an identical, amended petition that corrected the name of the petitioner on July 31, 2018. Compare Petition (Reproduced Record (R.R.) at 16a-24a), with Amended Petition (R.R. at 226a-34a).

than one major building component needing to be replaced. Answer & New Matter, ¶30. Owners also admitted the Property had broken windows, boarded windows, vines growing on two sides of the house, overgrown vegetation and scattered wood and debris. Id., ¶¶32-34. Owners claimed a for-sale sign appeared in a window of the Property; however, there was no other indication that it was "actively marketed" under Section 3 of the Act, 68 P.S. §1103. In addition, Owners offered to sell the Property to Conservator for $300,000.00; they purchased the Property for $16,500.00.

Following the pre-trial conference in mid-July, Conservator filed an amended petition, identical to the Petition other than naming itself as petitioner instead of President (Amended Petition). Owners did not file an answer or seek to continue the trial date. On August 7, 2018, the trial court held a one-day trial where the Director of Code Enforcement of the Borough (Code Officer) testified as to the blight of the Property. He confirmed that based on his walkthrough in June 2018, the Property was not habitable. Reproduced Record (R.R.) at 118a.

President testified on Conservator's behalf regarding the Property. He confirmed he owns Conservator, which has operated in the current location for over 30 years. President previously attempted to purchase the Property from Owners and prior owners, to eliminate the blight that is visible to customers of his neighboring car wash. President testified to the accumulation of debris and uncut vegetation on the Property. He provided photographs of the exterior, which showed the disrepair of the Property, including boards on the windows.

3

Mr. Juszczak testified on behalf of Owners as to their intent to renovate the Property. Owners did not dispute the disrepair of the Property. He admitted the Property was not habitable and would not qualify for a certificate of occupancy. R.R. at 191a. However, he testified that Owners rehabilitated the exterior (yard work) in late June 2018 prior to the filing of the Amended Petition.

Finding the Property met the conditions for appointing a conservator under Section 5(d)(5) of the Act, 68 P.S. §1105(d)(5), the trial court appointed the Conservator by order dated August 8, 2018. Specifically, it found the following: the building on the Property needs substantial rehabilitation, and no rehabilitation occurred in the prior 12 months (subsection ii); the building is unfit for human habitation (subsection iii); the deterioration of the structure and accumulation of debris and uncut vegetation created potential health and safety hazards, which Owners failed to take reasonable steps to remove (subsection vii); and, the dilapidated appearance of the Property negatively affects the economic well-being of proximate residents and businesses, (subsection viii). Tr. Ct. Order, 8/8/18, Finding of Fact (F.F.) No. 1(a)-(h). The trial court did not rule on the proposed abatement plan, noting that Code Officer did not perform a thorough inspection of the interior, and photographs did not depict the interior. Rather, the trial court scheduled a hearing on the abatement plan for a later date.

Owners filed a notice of appeal of the August 8 order to the Superior Court, which transferred the matter to this Court. Owners filed a concise statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b) in which they acknowledged their failure to file post-trial motions. In its subsequent opinion, the

4

trial court noted Owners failed to file post-trial motions, resulting in waiver of issues on appeal.

After briefing and argument, the matter is ready for disposition.[4]

## II. Discussion

On appeal,[5] Owners argue the trial court erred in determining the Property met the conditions for a conservatorship. They argue they rehabilitated some of the exterior between the filing of the Petition in May 2018, and the filing of the Amended Petition in July 2018. They also assert the trial court lacked jurisdiction because the Petition was initially filed by President individually as the petitioner, not the corporate entity that owned the adjacent property. As to waiver, they contend the rules regarding post-trial practice do not apply to a statutory appeal under the Act.

Conservator responds that the trial court had proper jurisdiction because President owned the corporation that owned the adjacent property, and corporations, by necessity, act through individuals. Conservator maintains the trial court properly appointed it because the Property met the conditions for a

---

[4] Following the appointment of Conservator, the trial court stayed Conservator's ability to rehabilitate the Property. However, Owners did not pay the requisite bond to effectuate the stay. Nevertheless, following an application seeking a stay pending appeal from this Court, the parties stipulated to a stay of the trial court proceedings in February 2019. Notwithstanding the stay, Owners filed a petition for removal of Conservator and supporting brief in the trial court.

[5] This Court's review is limited to whether the trial court abused its discretion or committed an error of law necessary to the outcome of the case. In re Conservatorship Proceeding In Rem by Germantown Conservancy, Inc., 995 A.2d 451, 459 n.6 (Pa. Cmwlth. 2010).

5

conservatorship. It also asserts Owners' appeal should be dismissed for failing to file post-trial motions when the one-day trial qualified as a proceeding that triggered post-trial practice.

The Act "authorizes a court to appoint a conservator to rehabilitate a deteriorating building, thereby incurring debt that ultimately may be the owner's responsibility. The conservator is responsible for bringing buildings into municipal code compliance when owners fail to do so." In re Conservatorship Proceeding In Rem by Germantown Conservancy, Inc., 995 A.2d 451, 453 (Pa. Cmwlth. 2010). Section 2 of the Act, 68 P.S. §1102, authorizes the filing of a petition for appointment of a conservator *with the court of common pleas* by certain named interested parties who seek the appointment of a conservator to take possession of the property, undertake its rehabilitation and, as appropriate, ultimately sell the property unless reclaimed by the owner(s).

Section 5 of the Act requires the trial court to hold a hearing within 60 days of receiving the petition. 68 P.S. §1105. Only after a hearing, at which time all interested parties are permitted to present evidence, may a trial court appoint a conservator. Id.

### A. Waiver/Post-trial Motions

Before addressing the merits of this appeal, we assess whether Owners properly preserved their issues for review. "Only issues which a party specifically raises in its post-trial motions are preserved and will be considered on appeal." Burrell Educ. Ass'n v. Burrell Sch. Dist., 674 A.2d 348, 350 (Pa. Cmwlth. 1996).

Pennsylvania Rule of Civil Procedure No. 227.1 sets out the requirements for post-trial relief. In pertinent part, it states:

> (c) Post-trial motions <u>shall be filed</u> within ten days after
>
> (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or
>
> (2) notice of nonsuit or the filing of the decision in the case of a trial without a jury.

Pa. R.C.P. No. 227.1(c)(1-2) (emphasis added). Post-trial motions do not have to be filed following a proceeding that does not constitute a "trial."

In determining whether an appellant must file post-trial motions following a court proceeding, an appellate court must consider whether: (1) the plain language of Rule 227.1 makes clear that a post-trial motion is required; (2) <u>case law provides that a post-trial motion is required</u>, even if Rule 227.1 is silent on the subject; and (3) <u>practicing attorneys would reasonably expect that a post-trial motion was necessary</u>. <u>Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Mkts., Inc.</u>, 52 A.3d 1233, 1248 (Pa. 2012) (emphasis added) (construing the meaning of "trial" under Rule 227.1).

"To warrant the heavy consequence of waiver, ... the applicability of [Rule 227.1] should be apparent upon its face or, failing that, <u>in clear decisional law construing the [r]ule</u>." <u>Id.</u> at 1247 (emphasis added). In construing Rule 227.1 in 2012, our Supreme Court determined that findings of fact and an evidentiary hearing are hallmarks of a trial, placing counsel on notice of the need to file post-trial motions. <u>Id.</u>

7

Decisional law pertaining to conservatorships confirms that post-trial motions should be filed in proceedings to appoint a conservator under the Act. In G & G Investors, LLC v. Phillips Simmons Real Estate Holdings, LLC, 183 A.3d 472 (Pa. Super. 2018), our sister appellate court determined that the petition for the appointment of a conservator pursuant to the Act was a proceeding that required the filing of a post-trial motion where the parties offered exhibits into evidence and examined and cross-examined witnesses and where the trial court relied on the hearing testimony and documentary evidence when it denied the petition. The Court held that where no post-trial motion was filed and a timely notice of appeal was filed, the issues on appeal were waived. Id.

Here, the trial court offered all parties the opportunity to submit evidence. Both principal parties presented testimony and documentary evidence during the one-day trial. Thus, the proceeding had the indicia of trial. Newman Dev. Grp. As such, Owners should have been aware of their obligation to file post-trial motions to preserve issues for appellate review.

However, Owners contend that they should not have been expected to recognize that post-trial motions were triggered here because Rule 227.1 does not list conservatorship proceedings among the proceedings that require post-trial practice. In addition, relying upon our Supreme Court's decision in In re Borough of Churchill, 575 A.2d 550 (Pa. 1990), Owners maintain the Rules of Civil Procedure do not apply because a conservatorship appointment is a statutory *appeal*.

8

Borough of Churchill held that post-trial motions are not required in tax assessment proceedings, and, more generally, are not required in statutory appeals. We are unpersuaded that an appointment of a conservator by a trial court pursuant to the Act qualifies as a "statutory appeal" as that phrase is used in the note regarding the addition of Rule 227.1(g) ("[A] motion for post-trial relief may not be filed in an appeal from the final adjudication or determination of a local agency or a Commonwealth agency as to which jurisdiction is vested in the courts of common pleas."). The 1989 comment to the Rule explains that subdivision (g) applies to the procedure in appeals from final determinations of government agencies.

Unlike Borough of Churchill, this case does not involve a statutory appeal. There, a local agency (tax assessment board) made a determination that was appealed to the trial court. Thus, the trial court was not the initial forum where the petitioners sought relief, it was the forum where they sought *appellate* review. Whereas the proceedings under the Act are statutory, the appeal from the trial court's findings and order appointing a conservator is not a statutory appeal because the action is initiated with the trial court. See Section 4(a) of the Act, 68 P.S. §1104(a).

Our Supreme Court explained post-trial motions are necessary in Newman Development Group when decisional law so provides. To the extent Owners were not certain whether post-trial motions were required, they should have consulted applicable case law. It is clear that in G & G Investors, an appointment of a conservator proceeding like this one, the Superior Court held post-trial motions are required following the proceeding, such that a failure to file post-trial motions

9

resulted in waiver. We note the Superior Court issued that decision *before* Conservator filed the Petition, and months before the one-day trial.

Both clear decisional law and the indicia of trial should have placed Owners on notice that post-trial motions were required to preserve their issues. Newman Dev. Grp.; G & G Investors. Because the one-day trial before the trial court was a trial for purposes of Rule 227.1, we conclude Owners' failure to file post-trial motions resulted in waiver. Accordingly, this Court dismisses Owners' appeal. Cf. Cservak v. Pa. Tpk. Comm'n (Pa. Cmwlth., No. 1888 C.D. 2017, filed Nov. 6, 2018), 2018 WL 5796562 (unreported).[6]

## B. Conservatorship Conditions

Regardless of waiver, Owners would not prevail on the merits because the trial court did not abuse its discretion in determining the Property met the conditions for a conservatorship under the Act.

A trial court may appoint a conservator when all the conditions for conservatorship in Section 5(d) of the Act, 68 P.S. §1105(d),[7] are met as of the date

---

[6] We cite this case for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[7] Section 5(d) of the Act imposes the following "Conditions for Conservatorship:"

(1) The building has not been legally occupied for at least the previous 12 months.
(2) The owner fails to present compelling evidence that he has actively marketed the property during the preceding 60–day period and made a good faith effort to sell the property at a price which reflects the circumstances and market conditions.

10

of filing the petition.  <u>City of Bethlehem v. Kanofsky</u>, 175 A.3d 467, 476-77 (Pa. Cmwlth. 2017).  Specifically, the trial court must find at least three of the following conditions in Section 5(d)(5):

> (i) The building or physical structure is a public nuisance.
>
> (**ii**) The building is in need of substantial rehabilitation and no rehabilitation has taken place during the previous 12 months.
>
> (**iii**) The building is unfit for human habitation, occupancy or use.
>
> (iv) The condition and vacancy of the building materially increase the risk of fire to the building and to adjacent properties.
>
> (v) The building is subject to unauthorized entry leading to potential health and safety hazards and one of the following applies:
>
> (A) The owner has failed to take reasonable and necessary measures to secure the building.
> (B) The municipality has secured the building in order to prevent such hazards after the owner has failed to do so.
>
> (vi) The property is an attractive nuisance to children, including, but not limited to, the presence of abandoned wells, shafts, basements, excavations and unsafe structures.
>
> (**vii**) The presence of vermin or the accumulation of debris, uncut vegetation or physical deterioration of the structure or grounds has created potential health and safety hazards and the owner has failed to take reasonable and necessary measures to remove the hazards.
>
> (**viii**) The dilapidated appearance or other condition of the building negatively affects the economic well-being of

---

(3) The property is not subject to a pending foreclosure action by an individual or nongovernmental entity.

(4) The current owner fails to present sufficient evidence that he has acquired the property within the preceding six months.

residents and businesses in close proximity to the building, including decreases in property value and loss of business, and the owner has failed to take reasonable and necessary measures to remedy appearance or the condition.

(ix) The property is an attractive nuisance for illicit purposes, including prostitution, drug use and vagrancy.

68 P.S. §1105(d)(5) (bolding the subsections the trial court applied for emphasis).

The trial court concluded here that Conservator met its burden of proving that the Property was in need of a conservator under all of the required factors, and subsections (ii), (iii), (vii) and (viii) of (d)(5). The trial court's 19-page opinion is comprehensive in its review of the documentary and testamentary evidence, and the application of the conditions of conservatorship to the substantiated facts.[8] See Tr. Ct., Slip Op., 10/9/18, 1-19. Accordingly, this Court discerns no abuse of discretion by the trial court in appointing Conservator as the conservator for the Property.

---

[8] Owners' argument that the Petition was improper because President was not a party in interest is unavailing. First, there is no dispute that President was the business owner of the car wash adjacent to the Property; Section 3 of the Act defines "party in interest" to include a business owner within 2,000 feet of the building. 68 P.S. §1103. Second, Owners did not object in its answer and new matter to President being named as petitioner. Third, the *qualifying facts* pertaining to the Property were identical in the Amended Petition. Indeed, Owners did not respond to the Amended Petition. Additionally, Owners did not seek a continuance of the trial date based on the filing of the Amended Petition.

Further, we reject Owners' contention that the trial court did not consider their attempts to rehabilitate the Property after the Petition was filed in May, but before the Amended Petition was filed in July. To the extent the filing date of the Amended Petition was material, Owners had an opportunity to provide evidence at the August trial regarding their efforts during those two months. Owners did not substantiate that they performed substantial remediation during that period.

12

### III. Conclusion

For the foregoing reasons, Owners' appeal of the order appointing a conservator is dismissed.

_____
ROBERT SIMPSON, Senior Judge

Judge Wojcik did not participate in the decision of this case.

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Auto Shower II, Inc.        :
                                        :
             v.                 :    No. 1611 C.D. 2018
                                          :
Mark Darius Juszczak and       :
Katerina P. Juszczak,            :
                 Appellants        :

## O R D E R

**AND NOW**, this 21st day of November 2019, the appeal filed by Appellants is **DISMISSED** for failure to preserve any issues for appeal relating to the appointment of a conservator.

_____
ROBERT SIMPSON, Senior Judge