# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles W. Walsh, III, Laura Blau and  :
Philadelphia Community Development  :
Coalition  :
 :
 :
v.  : No. 862 C.D. 2018
 : Submitted: August 16, 2019
Teresa F. Isabella and 325 S. 18th  :
Street, LLC  :
 :
Appeal of: 325 S. 18th Street, LLC  :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED: April 24, 2020**


Appellant 325 S. 18th Street, LLC (18th Street) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court), dated May 23, 2018 (docketed May 29, 2018), which denied 18th Street's petition to remove the Philadelphia Community Development Coalition (Coalition) as conservator of property located at 325 S. 18th Street, Philadelphia, Pennsylvania (the Property).[1] We affirm.

---

[1] 18th Street appealed pursuant to Pennsylvania Rule of Appellate Procedure 311(a)(2), which provides:

The relevant procedural history of this case is as follows. On June 3, 2016, the Coalition and two individuals, Charles W. Walsh, III (Walsh) and Laura Blau (Blau), filed a Petition for Appointment of a Conservator (Act 135 Petition) pursuant to the Abandoned and Blighted Property Conservatorship Act (Act or Act 135), Act of November 26, 2008, P.L. 1672, *as amended*, 68 P.S. §§ 1101-1111, seeking to appoint the Coalition as conservator of the Property due to its severely blighted condition.[2] At the time the Act 135 Petition was filed, Teresa F. Isabella (Isabella) owned the Property and was named the sole respondent in the conservatorship action. On April 28, 2017, while the Act 135 Petition was pending, 18th Street allegedly purchased the Property from Isabella for $1,000,000. On May 2, 2017, the trial court held a hearing on the Act 135 Petition to determine whether the statutory conditions existed for appointment of a conservator. As the purported owner of the Property, the trial court granted 18th Street leave to intervene as a party-in-interest and to participate fully at the May 2, 2017 hearing. Following the hearing, by order dated May 15, 2017 (and docketed May 17, 2017), the trial court granted the Act 135 Petition and appointed the Coalition conservator of the Property (Appointment

(a) General Rule. – An appeal may be taken as of right and without reference to Pa. R.A.P. 341(c) from:

. . . .

(2) Attachments, etc. – An order confirming, modifying, dissolving, or refusing to confirm, modify or dissolve an attachment, custodianship, receivership, or similar matter affecting the possession or control of property, except for orders pursuant to 23 Pa. C.S. §§ 3323(f), 3505(a).

[2] Walsh resides and operates a business near the Property, and Blau owns a rental property within 2,000 feet of the Property. (Reproduced Record (R.R.) Volume (Vol.) I at 42a-43a.) Under the Act, Walsh and Blau are considered "parties in interest" and have standing to initiate a conservatorship action. *See* Sections 3 and 4 of the Act, 68 P.S. §§ 1103, 1104.

2

Order).[3]  (R.R. Vol. II at 580a-82a.)  18th Street did not appeal the Appointment Order.[4]

---

[3] The Appointment Order provided, in relevant part:

B.  [The Coalition] is appointed Conservator of the Property with all the rights and duties as set forth in Act 135, including, but not limited to, Section [6 of the Act, 68 P.S. § 1106].  The [Coalition] is granted immediate access to the Property.  The Property shall be secured and made safe pending submission of a Proposed Final Plan.  Conservator shall obtain any necessary permits from the City of Philadelphia and maintain fire and liability insurance.

. . . .

E.  [18th Street] alleges that it took title to the Property by deed dated April 28, 2017, but did not submit a copy of said deed into the record nor did it seek to submit any oral or documentary evidence during [the] May 2, 2017 record hearing.  [18th Street] did not seek to establish the terms upon which it allegedly took title.  [18th Street] was afforded the opportunity to fully participate at the hearing and . . . did in fact cross examine witnesses on the record.  While [18th Street] was represented by counsel at the hearing, no other witness, member or representative appeared on behalf of [18th Street].

F.  At the May 2, 201[7] hearing, [18th Street] did not seek to elect "Conditional Relief" pursuant to Section [5(f) of the Act, 68 P.S. § 1105(f)].

G.  [18th Street] may request the termination of the instant Conservatorship and elect conditional relief as the successor owner, upon separate petition and the submission of "adequate assurances" that it is the legal successor-in-interest to . . . Isabella concerning the above-captioned matter, that it is the new title owner of the Property and that it provides, as set forth in [Section 10 of the Act,] 68 P.S. § 1110, adequate assurances to the Court that the conditions that constituted grounds for the appointment of [the Coalition] as Conservator will be promptly abated, all obligations, expenses and improvements of the conservatorship, including the reimbursement or payment of all fees and expenses incurred by [Walsh, Blau,] and the [Coalition], have been fully paid or provided for and the purposes of the conservatorship will be fulfilled as set forth in a plan in accordance with the Conditional Relief provisions of Section [5(f) of the Act, 68 P.S. § 1105(f)].

(R.R. Vol. II at 581a.)

[4] Isabella filed a notice of appeal, docketed with this Court as *Walsh v. T. Isabella*, 791 C.D. 2017, but we dismissed the appeal for failure to comply with a defect correction notice. On June 27, 2017, 18th Street filed a motion to strike the trial court's May 15, 2017 order, which the trial court denied following a hearing.  18th Street appealed to this Court, and by memorandum

3

Eleven months later, on April 24, 2018, 18th Street filed an "Emergency Petition for Termination of Conservatorship, or, in the Alternative, Removal of [the Coalition] as Conservator Pursuant to [Section 10(a)(4) of the Act, 68 P.S. § 1110(a)(4)]" (Termination Petition). (R.R. Vol. VI at 3041a-81a.) Therein, 18th Street asserted that since the Coalition's appointment as conservator, the Coalition has been derelict in its duties to rehabilitate and make the Property safe as required by Paragraph B of the Appointment Order. Specifically, 18th Street attached a violation notice issued by the Philadelphia Department of Licenses and Inspections (L&I) on April 10, 2018. (*Id.* at 3053a-54a.) The violation notice declared the rear wall, side wall, and chimney of the building on the Property structurally unsafe and advised that failure to remedy the unsafe portions of the building within 30 days could result in partial or total demolition. (*Id.*) 18th Street requested emergency relief to terminate the conservatorship, maintaining that as owner of the Property, it will suffer irreparable harm if the Property is destroyed due to the Coalition's inaction. 18th Street further argued that it was in the best position to rehabilitate the Property because 18th Street's sole member, Tony Rufo, is a highly respected builder in the Philadelphia area. The Termination Petition sought emergency termination of the conservatorship or removal of the Coalition as conservator and permission for 18th Street to cure the outstanding violations set forth in the notice issued by L&I.

The trial court held a hearing on April 25, 2018, to determine whether 18th Street was entitled to emergency relief and denied the request the following

---

and order dated May 30, 2018, docketed at *325 S. 18th St. v. Walsh*, 353 C.D. 2018, we quashed the appeal.

4

day.[5] (*See* N.T., 4/25/2018, 1-65; R.R. Vol. IX at 4183a-4247a; R.R. Vol. VII at 3126a.) The trial court concluded that 18th Street failed to establish that it would suffer irreparable harm if the Termination Petition was heard in the ordinary course and sent the underlying Termination Petition to the Honorable Kenneth Powell, who had been handling the instant conservatorship action, for consideration. (R.R. Vol. VII at 3126a.)

Following the emergency hearing, the Coalition filed a response to the Termination Petition and brief in support disputing the allegations of inaction cast by 18th Street. (R.R. Vol. VII at 3216a-34a.) In its brief, the Coalition listed the tasks it had completed in its effort to make the Property safe pending approval of its final blight remediation plan. (*Id.* at 3227a-28a.) Additionally, the Coalition argued that if 18th Street wishes to step into the shoes of conservator of the Property, it could do so by complying with the requirements of Section 10(2) of the Act, 68 P.S. § 1110(2), as directed in the Appointment Order. The Coalition contended that, instead of seeking to terminate the conservatorship in accordance with this clear statutory process, 18th Street has "embarked [on] a truly outrageous crusade of meritless litigation" in an attempt to regain possession and control of the Property free and clear of judicial oversight. (*Id.* at 3230a-31a.) On May 23, 2018, the trial court denied 18th Street's underlying Termination Petition without holding an additional hearing. (*Id.* at 3379a.)

---

[5] Due to the emergency nature of the Termination Petition, the trial court's duty judge, the Honorable Abbe Fletman, conducted the hearing. (*See* Notes of Testimony (N.T.), 4/25/2018, 1-65; R.R. Vol. IX at 4183a-4274a.)

On appeal,[6] 18th Street raises eleven issues for consideration. Most of 18th Street's issues involve matters that are irrelevant, outside the scope of this appeal, or waived because they were not raised before the trial court.[7] Those issues are not

[6] This Court's review determines "whether the trial court abused its discretion or committed an error of law necessary to the outcome of the case." *City of Bethlehem v. Kanofsky*, 175 A.3d 467, 475 n.8 (Pa. Cmwlth. 2017) (quoting *In re Conservatorship Proceeding In Rem by Germantown Conservancy, Inc.*, 995 A.2d 451, 459 n.6 (Pa. Cmwlth. 2010)), *appeal denied*, 191 A.3d 744 (Pa. 2018).

[7] Specifically, the "Statement of Questions Involved" section of 18th Street's brief provides:

(A)  Whether the failure to attach a resolution to the underlying Act 135 Petition vitiates these proceedings, as a matter of law, where [the Coalition] conservatorship [sic] is entirely based on its status as a non-profit corporation and where the Philadelphia Court of Common Pleas' General Court Regulation No. 2009-1 requires, *inter alia*, that a certification and resolution be of the Act 135 Petition?

(B)  Whether, the trial court proceedings are null and void, as a matter of law, due to [the Coalition's] failure to comply with Rules 1900(g) and (h)(1) of the Philadelphia Rules of Judicial Administration regarding protocols *vis-à-vis* exhibits, physical evidence and electronic evidence offered during hearings in the Philadelphia Court of Common Pleas, where, to date, [the Coalition] has not submitted any of its evidence from the May 2, 2017 hearing via the Electronic Filing System and hence, the evidence is not part of the record?

(C)  Whether the trial court lacks subject matter jurisdiction over the instant proceedings, as a matter of law, where, in 2014, the Pennsylvania Legislature specifically amended [Section 5(a) of the Act, 68 P.S. § 1105(a),] to reduce the time for holding a hearing to appoint a conservator from 120 to 60 days "to balance the rights" of property owners against the rights of developers and the public; and where the hearing in the instant case occurred over 300 days after the time proscribed [sic] in Act 135?

(D)  Whether the temporal provision in [Section 6(c)(1) of the Act, 68 P.S.] § 1106(c)(1), requiring the trial court to schedule a

Hearing to Approve a Final Plan within one hundred twenty (120) days of the Conservator's appointment is mandatory or directory?

(E) Whether the temporal provisions in [Section 6(c)(2) of the Act, 68 P.S. § 1106(c)(2),] requiring the Conservator to file a Final Plan thirty (30) days prior to the date of the Final Plan hearing is mandatory or directory?

(F) Whether the contents of a "Final Plan" as specifically defined in [Section 6(c)(3) of the Act, 68 P.S. § 1106(c)(3),] can be modified by the [C]onservator or the trial court?

(G) Whether [the Coalition] failed to comply with Paragraph "B," of the trial court's [Appointment] Order which stated, inter alia, "The Property shall be secured and made safe pending submission of a Proposed Final Plan;" where violations were issued during [the Coalition's] tenure as Conservator; and where none of the violations against the "property" have been addressed from the date of [the Coalition's] appointment on May 15, 2017 up to and beyond the date of the trial court's May 23, 2018 Order denying [18th Street's] Motion to Terminate the Conservatorship under [Section 10(4) of the Act, 68 P.S.] § 1110(4)?

(H) Whether [18th Street's] opposition to the underlying Act 135 proceedings precluded [the Coalition] from performing its duties as Conservator as specifically defined in [Section 6 of the Act, 68 P.S. § 1106,] and the trial court's [Appointment] Order?

(I) Whether Prehearing property inspections are permitted under Act 135 and precedential case law and, whether such inspections vitiate the proceedings and/or render evidence gleaned therefrom inadmissible?

(J) Whether the trial court's failure to permit [18th Street] to present evidence prior to issuing its [Appointment] Order constitutes a violation of due process where the trial court and the parties stipulated to grant [18th Street] "Intervenor status" but denied [18th Street] an opportunity to adequately prepare and be heard?

(K) Whether the trial court abused its discretion and/or erred as a matter of law in denying [18th Street's] Motion to Terminate [the Coalition's] Conservatorship pursuant to [Section 10(4) of the Act, 68 P.S. § 1110(4),] where: (1) [the Coalition] failed to comply

properly before this Court and will not be addressed. The only issues 18th Street preserved for appeal relate to whether the Coalition's alleged inaction warrants termination of the conservatorship and whether 18th Street should be permitted to rehabilitate the Property on its own.[8]

We begin with a review of the procedures for terminating a conservatorship under Act 135. Section 10 of the Act, 68 P.S. § 1110, provides:

> Upon request of a party in interest or the conservator, the court may order the termination of the conservatorship if it determines:
>
> (1) the conditions that were the grounds for the petition and all other code violations have been abated or corrected, the obligations, expenses and improvements of the conservatorship, including all fees and expenses of the conservator, have been fully paid or provided for and the purposes of the conservatorship have been fulfilled;
>
> (2) the owner, mortgagee or lienholder has requested the conservatorship be terminated and has provided adequate assurances to the court that the conditions that constituted grounds for the petition will be promptly abated, all

---

> with the terms of Paragraph "B," of the trial court's [Appointment Order] that required [the Coalition] to "make the premises safe pending the approval of a Final Plan;" and[] (2) where [the Coalition] failed to comply with the temporal and substantive requirements of [Section 6(c)(2) and (3) of the Act, 68 P.S. § 1106(c)(2) and (3),] which required [the Coalition] to serve and file a "Final Plan" as defined by the Act, thirty (30) days prior to at least one of the three (3) hearings to approve a Final Plan?

(18th Street's Brief at 4-7 (emphasis and footnote omitted).)

[8] Isabella filed a brief in this matter addressing a single issue: whether prehearing property inspections are permitted under Act 135 and precedential case law. This issue challenges the validity of the Appointment Order, which Isabella appealed to this Court on June 5, 2017, docketed at *Walsh v. T. Isabella*, 791 C.D. 2017. This Court, however, dismissed Isabella's appeal on July 13, 2017, for failure to comply with a defect correction notice. Accordingly, the argument is waived as untimely and outside the scope of this appeal.

obligations, expenses and improvements of the conservatorship, including all fees and expenses of the conservator, have been fully paid or provided for and the purposes of the conservatorship have been fulfilled;

(3) the building has been sold by the conservator and the proceeds distributed in accordance with [S]ection 9(d) [of the Act, 68 P.S. § 1109(d)]; or

(4) the conservator has been unable, after diligent effort, to present a plan that could be approved under [S]ection 6(b)(3) [of the Act, 68 P.S. § 1106(b)(3)] or to implement a previously approved plan or, for any reason, the purposes of the conservatorship cannot be fulfilled.

18th Street filed the Termination Petition pursuant to Section 10(4) of the Act and, therefore, was required to prove: (1) that after diligent effort, the Coalition was unable to present a plan that could be approved by the trial court; (2) that the Coalition was unable to implement a previously approved plan; or (3) that the conservatorship could not be fulfilled for any other reason. The thrust of 18th Street's argument below was that the Coalition neglected its duty to make the Property safe as required by the Appointment Order and that 18th Street should be granted the opportunity to rehabilitate the Property independently. As a result, we presume 18th Street invoked the catchall provision found in Section 10(4)—*i.e.*, that the conservatorship could not be fulfilled.

In its brief to this Court, 18th Street argues, generally, that the conservatorship is a "'failed enterprise' that can never be ratified or completed." (18th Street's Brief at 46.) It recognizes that the Coalition fixed the pavement around the Property, secured locks, and obtained insurance, but 18th Street maintains that such actions are insufficient to make the Property safe as required by the Appointment Order. This inaction, it argues, renders the conservatorship void as a matter of law.

9

In response, the Coalition lists each step it has taken in furtherance of the conservatorship. Specifically, the Coalition maintains that it has: (1) secured insurance on the Property; (2) repaired sidewalks around the Property; (3) secured the rear and side yards of the Property; (4) replaced locks on the Property; (5) retained an architect; (6) retained an engineer; (7) applied for and secured full approval from the historical commission and L&I for its final plan for blight remediation; (8) applied for and secured permits from L&I; and (9) secured windows and doors on the Property. (Coalition's Brief at 34-35.) These actions, the Coalition contends, evidence compliance with the Appointment Order and prove that the Coalition has rehabilitated the Property to the extent permitted prior to the approval of a final plan. Moreover, the Coalition asserts that 18th Street improperly seeks to terminate the conservatorship under Section 10(4) of the Act. The Coalition further asserts that, to the extent 18th Street wishes to step into the shoes of conservator and rehabilitate the Property, 18th Street must proceed under Section 10(2) of the Act, in accordance with the clear language of the statute and as directed in the Appointment Order. For these reasons, the Coalition maintains that the trial court did not err in denying the Termination Petition.

We agree with the Coalition. The trial court did not abuse its discretion or commit an error of law in determining that 18th Street failed to present sufficient grounds for termination of the conservatorship pursuant to Section 10(4) of the Act. We note that, in the Termination Petition, 18th Street placed great weight on the violation notice issued by L&I on April 10, 2018. As the trial court explained, however, at the time L&I issued the violation, the trial court had not approved a final plan for blight remediation. That the severely blighted Property would continue to have compliance issues before a final plan was approved and implemented was

10

somewhat obvious. In addition, this Court recognizes that, at the time 18th Street filed the Termination Petition, the 30-day period to remedy the violations listed in the notice had not run.[9] For these reasons, the fact that L&I issued a violation notice was not fatal to the Coalition's appointment as conservator, and the trial court did not err in declining to terminate the conservatorship based on the Coalition's alleged inaction.

Additionally, this Court agrees with the Coalition that 18th Street failed to take advantage of the statutory process afforded to an owner of property that seeks to remediate a blighted property sans conservator. Section 10(2) of the Act allows an owner of property to abate blighted conditions if it "provide[s] adequate assurances to the [trial] court that the conditions that constituted grounds for the petition will be promptly abated," and pays "all fees and expenses of the conservator." Instead of proceeding under Section 10(2) and presenting the necessary evidence to achieve termination of the conservatorship, 18th Street merely makes bald assertions that it is willing and able to make the repairs itself. In short, 18th Street did not pursue the proper statutory procedure to achieve its goal of independently rehabilitating the blighted Property and terminating the conservatorship. Accordingly, the trial court did not err or abuse its discretion in denying the Termination Petition.

---

[9] L&I issued the violation notice on April 10, 2018. (R.R. Vol. VI at 3053a-54a.) 18th Street filed the Termination Petition fourteen days later, on April 24, 2018. (*Id.* at 3041a-81a.)

11

For the reasons stated above, the trial court's order is affirmed.

_____
P. KEVIN BROBSON, Judge

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles W. Walsh, III, Laura Blau and  :
Philadelphia Community Development  :
Coalition  :
  :
  :
             v.  :  No. 862 C.D. 2018
  :
Teresa F. Isabella and 325 S. 18th  :
Street, LLC  :
  :
Appeal of: 325 S. 18th Street, LLC  :

# **O R D E R**

AND NOW, this 24th day of April, 2020, the order of the Court of Common Pleas of Philadelphia County, dated May 23, 2018, is AFFIRMED.

P. KEVIN BROBSON, Judge